UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELORES WITT,

    Plaintiff,

v.                              Case No.  8:08-cv-2414-T-33EAJ

D.R. HORTON, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Stay Action and to Compel Arbitration (Doc. # 3), which was filed in state court on December 2, 2008, and filed in this Court on December 4, 2008, by virtue of Defendant's removal of this action to this Court on December 4, 2008.  (Doc. # 1). Removal by Defendant was proper, pursuant 28 U.S.C. §§ 1331, 1441, and 1446, because Plaintiff's complaint alleges that Defendant violated the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701. (Doc. ## 1, 2).

On December 23, 2008, this Court entered an order discussing the merits of the motion, and advised Plaintiff that the motion would likely be granted absent a response to the motion being filed on or before January 6, 2009. (Doc. # 5).  Plaintiff failed to file a response in opposition to the motion, and the time for Plaintiff to do so has expired.

Defendant's motion to stay this case and compel arbitration is due to be granted. Defendant attached to its motion the land purchase and sale contract that is at issue in this case, signed by Plaintiff on August 6, 2005. (Doc. # 3 at 8-12). The contract contains a "Mandatory Binding Arbitration" clause that states, among other things: "Buyer and Seller expressly agree to resolve any and all disputes arising under or as a result of this Agreement by arbitration, as provided hereunder, according to the laws of the State of Florida. . . ." (Doc. # 3 at 10).

Both Florida and federal law support Defendant's position. See e.g. KFC Nat'l Mgmt. Co. v. Beauregard, 739 So. 2d 630, 631 (Fla. 5th DCA 1999); K. P. Meiring Constr. Inc. v. N. Bay I & E, Inc., 761 So. 2d 1221, 1223 (Fla. 2d DCA 2000)(citing Roe v. Amica Mut. Ins. Co., 533 So. 2d 279 (Fla. 1988)("Courts are required to indulge every reasonable presumption in favor of arbitration, a favored means of dispute resolution.")). Further, the Federal Arbitration Act (the "FAA") provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or

>     refusal, shall be valid, irrevocable, and
>     enforceable, save upon such grounds as exist at law
>     or in equity for the revocation of any contract.

9 U.S.C. § 2.  The effect of Section 2 of the FAA is to "create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983).

Furthermore, Section 3 of the FAA provides for the stay of proceedings in district court when an issue in the proceedings is referable to arbitration.  Section 4 of the FAA provides for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement.

A district court must compel arbitration and stay the underlying action if the parties had an earlier agreement to arbitrate their dispute. 9 U.S.C. § 3.  On this point, the FAA specifically states:

>     If any suit or proceeding be brought in any of the
>     courts of the United States upon any issue
>     referable to arbitration under an agreement in
>     writing for such arbitration, the court in which
>     such suit is pending, upon being satisfied that the
>     issue involved in such suit or proceeding is
>     referable to arbitration under such agreement,
>     shall on application of one of the parties stay the
>     trial of the action until such arbitration has been
>     had in accordance with the terms of the agreement,
>     providing the applicant for the stay is not in
>     default in proceeding with such arbitration.

9 U.S.C. § 3.

Accordingly, this Court grants Defendant's motion to stay this case and compel arbitration.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED**:

(1) Defendant's Motion to Stay Action and to Compel Arbitration (Doc. # 3) is **GRANTED**. The parties shall proceed to arbitration as specified in the arbitration agreement.

(2) The case is **STAYED and ADMINISTRATIVELY CLOSED** pending the resolution of the arbitration proceedings.

(3) The parties shall file a joint status report within 90 days of the date of this order to inform the Court of the status of the arbitration proceedings. Thereafter, the parties shall continue to file joint status reports with the Court every 90 days until the arbitration proceedings are completed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of January, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record